IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TODD STEVEN ADAMS, #N63927** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00112-SMY** |
| | ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **MARY JOHNSON, MS. GARRETT,** | ) | |
| **DR. EMANUEL AFUWAPE, MR. HOLT,** | ) | |
| **MR. SCHULZE, MS. HARTER,** | ) | |
| **MS. PIERCE, MR. FATHERCE,** | ) | |
| **MR. REVERBAUGH,** | ) | |
| **WARDEN FOSTER,** | ) | |
| **ASST. WARDEN MOSS,** | ) | |
| **DIRECTOR TAYLOR,** | ) | |
| **DIRECTOR BALDWIN,** | ) | |
| **DIRECTOR STALLWORTHY,** | ) | |
| **LESLIE McCARTHY,** | ) | |
| **and UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of Plaintiff Todd Steven Adams'

First Amended Complaint (Doc. 11).  This case was severed from an action that Plaintiff Adams

originally filed pursuant to 42 U.S.C. § 1983 with two other inmates at Vandalia Correctional

Center ("Vandalia") in order to complain about the denial of adequate medical care at the prison.

*See Wilkins v. Johnson*, No. 15-cv-01368-SMY (S.D. Ill. Dec. 15, 2015) ("original action").

The Complaint failed to state a claim for relief and was dismissed at screening pursuant to

28 U.S.C. § 1915A (*see* Doc. 1).  The dismissal was without prejudice and each plaintiff was

permitted to re-plead his claims.

Because the three plaintiffs improperly joined their distinct claims in a single action, however, the Court required them to proceed in separate actions, if at all.  *See* FED. R. CIV. P. 21. The instant case was opened to address those claims brought by Adams in his First Amended Complaint (Doc. 1, p. 17).  Without reaching the merits of Plaintiff's claims, the Court deems it appropriate to dismiss this action with prejudice as a sanction.

Plaintiff has *repeatedly* failed to disclose his litigation history to the Court.  In his Complaint (Doc. 2), he mentioned no prior lawsuits.  In his First Amended Complaint (Doc. 11), he disclosed only three lawsuits.  None of these resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g).  However, one suit was dismissed as a sanction against Plaintiff for misrepresenting his litigation history to the Court.  *See Adams v. Cook Cnty. Jail*, No. 14-cv-02534 (N.D. Ill. dismissed April 29, 2014).

Review of documents filed on the Public Access to Court Electronic Records ("PACER")[1] website (www.pacer.gov) reveals Plaintiff's extensive litigation history, which dates back to 1997 and includes more than twenty suits.  Given the sheer volume of cases, it is not surprising that numerous "strikes" can be found among them.  In fact, this Court found two such cases.  *See Adams v. Adams*, No. 14-cv-05174 (N.D. Ill., dismissed for failure to state a claim for relief July 11, 2014); *Adams v. Indictment 13CR14340 of Illinois State*, No. 15-cv-06079 (N.D. Ill., dismissed for failure to state a claim for relief September 4, 2015). Again, Plaintiff failed to disclose these "strikes" in his Complaint (Doc. 2) and in his First Amended Complaint (Doc. 11).

In failing to disclose the aforementioned strikes, Plaintiff blatantly disregarded the instructions set forth on the standard civil rights complaint form, which directed him to disclose

---

[1] Court documents are public records, and the Court can take judicial notice of them.  *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

"any other lawsuits in state or federal court relating to [his] imprisonment" (Doc. 11, p. 3). He was instructed to "describe each lawsuit in the space below" and "additional lawsuits on another sheet of paper using the same outline" (*id*.). Plaintiff was clearly warned that "[f]ailure to comply with this provision may result in summary denial of [Plaintiff's] complaint" (*id*.) (emphasis in original). Plaintiff used this form to prepare his First Amended Complaint, and he clearly ignored the instructions and warning. He also signed the First Amended Complaint, certifying the accuracy of its contents and acknowledging that he is subject to sanctions by the Court for violations of Rule 11 of the Federal Rules of Civil Procedure.

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *See Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). *See also Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court). Thus, dismissal of this matter is appropriate.

Plaintiff's omissions were material and intentional; his conduct is fraudulent. Plaintiff is well aware of the requirement that he fully disclose his litigation history. After all, he is a seasoned litigator. He is also aware of the consequences of failing to fully disclose his litigation history to the Court, both from past experience and present instructions. He was subject to sanctions for this same conduct two years ago. *See Adams v. Cook Cnty. Jail*, No. 14-cv-02534 (N.D. Ill. dismissed April 29, 2014).

Sanctions are clearly warranted and are also authorized by the Seventh Circuit. *See Hoskins*, 633 F.3d 541 ("Because of the importance of affirming a district court's discretion to impose sanctions, including dismissal, against litigants who intentionally misrepresent their litigation history, we publish our decision today.")  Accordingly, this action shall be dismissed immediately, and the dismissal shall be *with* prejudice as a sanction for Plaintiff's fraudulent misrepresentations regarding his litigation history in the Complaint (Doc. 2) and First Amended Complaint (Doc. 11).  *See id.* (dismissal without further warning permissible in light of warning on complaint form and finding of fraud).

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 11) is **DISMISSED** with prejudice as a sanction for Plaintiff's failure to disclose his complete litigation history, including "strikes," in the Complaint (Doc. 2) and First Amended Complaint (Doc. 11).  *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011).  The dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that all pending motions (Docs. 10, 13) are hereby **DENIED** as **MOOT**.

Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.   *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  To date, Plaintiff has paid no portion of this amount.  Therefore, a separate order has already been issued for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $350.00 fee is paid in full (Doc. 12).

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Lucien,* 133 F.3d at 467. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 16, 2016**

<u>**s/ STACI M. YANDLE**</u>
**United States District Judge**